IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES L. ALLEN, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO.  JKB-11-2114 |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM & ORDER</u>**

James L. Allen ("Plaintiff") brought this suit against the U.S. Department of Housing and Urban Development ("Defendant" / "HUD") seeking damages for the loss of his home due to mortgage foreclosure.  (Compl. ECF No. 2).  Defendant now moves to dismiss the complaint or, in the alternative, for summary judgment.  (ECF No. 14).  The issues have been briefed and no oral argument is required.  Local Rule 105.6.  For the reasons explained below, Defendant's Motion to Dismiss (ECF No. 14) is GRANTED and the Complaint is DISMISSED.

I.   BACKGROUND

Plaintiff alleges that he and his wife purchased a house through an incentive program with HUD sometime prior to 1996 and that HUD subsequently sold the mortgage on the house to Ocwen Mortgage Company ("Ocwen").  He further alleges that at the time of the closing on the house, he and his wife purchased a property insurance policy through an insurance company affiliated with HUD.  He claims that, when his wife died in 1996, someone (he does not identify who) told him that "the house would be paid for by the insurance co."  (Compl. at ECF page 2).

1

At some point, Plaintiff alleges, Ocwen foreclosed on the mortgage and repossessed the house. He states that he does not have the relevant documents, such as deeds, contracts, etc., and that he does not know where they are. He also states that the "companies" he dealt with "conveniently" lost their copies of these documents after his wife died. (*Id*). Finally, Plaintiff openly states that he is "trying to piece the information together in order to find out what happened to the insurance and why the house was not paid for," and asks the Court for help in locating relevant information and reviewing it for "illegal activities." (*Id* at 2, 5).

## II. LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In evaluating the complaint's sufficiency, the court must view all well-pled factual allegations as true and construe them in the light most favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive the motion, the complaint need only present enough factual content to render the claim "plausible on its face" by enabling the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556-57 (2007). If, after taking all factual allegations as true, the court determines that it cannot infer more than "the mere possibility of misconduct," the motion should be granted and the complaint dismissed. *Iqbal*, 129 S.Ct. at 1950.

## III. ANALYSIS

The thrust of Plaintiff's complaint is that he has lost his home for reasons he does not understand, that he cannot afford a lawyer, and that he requests the Court's help in parsing out

what happened and identifying any remedies he might have.  The Court regrets that it cannot render this kind of assistance.  Federal courts have power only to render judgments in cases or controversies between parties.  Here, there is no case or controversy between Plaintiff and HUD because Plaintiff does not allege that HUD has done anything unlawful that caused him to lose his home.  If Plaintiff were to make such an accusation in a well pleaded complaint, then this Court, or a jury under its direction, could decide whether or not the facts in evidence proved that HUD had broken the law and injured Plaintiff and, if so, what remedy Plaintiff was entitled to.  This, however, is the extent of the Court's function, and it possesses neither the authority nor the resources to exceed it.  Put simply, the services that Plaintiff requests in his complaint are those of an attorney, and the Court cannot under any circumstances take on such a role.

IV.   ORDER

Accordingly, it is ORDERED that:

(1) Defendant's Motion to Dismiss *or in the Alternative for Summary Judgment* (ECF No. 14) is GRANTED;

(2) the Complaint (ECF No. 2) is DISMISSED; and

(3) the Clerk is directed to CLOSE THIS CASE.

Dated this 10th day of November, 2011

BY THE COURT:

/s/
James K. Bredar
United States District Judge